UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Jericho Baptist Church Ministries, Inc. (District of Columbia),** | ) ) ) ) |  |
| **Plaintiff,** | ) ) |  |
| v. | ) ) | Civil No. 16-cv-00647 (APM) |
| **Jericho Baptist Ministries, Inc. (Maryland),** *et al.*, | ) ) ) ) |  |
| **Defendants.** | ) ) |  |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on a motion for temporary and preliminary injunctive relief filed by Plaintiff Jericho Baptist Church Ministries, Inc. (District of Columbia) ("Jericho DC"). *See generally* Pl.'s Mem. of P. & A. Supp. Pl.'s Mot. for TRO and Prelim. Inj., ECF No. 14 [hereinafter Pl.'s Mem.]. At this juncture, the court need not provide a detailed factual recitation of the case. It suffices to say that the crux of the parties' dispute revolves around who should have control over the corporate identity and assets of Jericho Baptist Church Ministries, Inc. (the "Church"). According to Plaintiff, in 2009, the individual Defendants wrongfully took control of the Church's Board of Trustees ("the Board"). The Church had been incorporated and operating under the laws of the District of Columbia as Jericho DC, but the newly constituted Board changed all this. It incorporated the Church under the same name in Maryland—Defendant Jericho Baptist Church Ministries, Inc. (Maryland) ("Jericho Maryland")—and then merged Jericho DC into the new Maryland entity. That merger enabled Jericho Maryland to take over the assets of Plaintiff, Jericho DC. *See generally* Am. Compl., ECF No. 8, ¶¶ 6-36.

Plaintiff asks the court to order Defendants to (1) halt use of its tax identification number; (2) cease use of Church funds for any purpose inconsistent with its non-profit status; and (3) provide Plaintiff with an annual accounting of all funds expended by Defendants since December 15, 2010.  Pl.'s Mem. at 24.  To support these requests, Plaintiff advances ten federal and common law claims against Defendant, including three claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq*.  *See* Am. Compl. ¶¶ 70-117.  The court need not, however, reach the merits of these claims at this stage in the proceedings, because it concludes that Plaintiff's motion must be denied because it has failed to establish irreparable harm.

## I.   LEGAL STANDARD

Injunctive relief, of the kind requested here, is an "extraordinary and drastic remedy" that is "never awarded as [a matter] of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations and internal quotation marks omitted).  A court may only grant the "extraordinary remedy . . . upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  Specifically, a plaintiff must show: (1) that it "is likely to succeed on the merits"; (2) that it "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [its] favor"; and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

Courts in this Circuit traditionally have evaluated these four factors on a "sliding scale"— if a "movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Davis v. Pension Benefit Guar. Corp*, 571 F.3d 1288, 1291–92 (D.C. Cir. 2009).  The Supreme Court's decision in *Winter,* however, called that approach into doubt and sparked disagreement over whether the "sliding scale"

framework continues to apply, or whether a movant must make a positive showing on all four factors without discounting the importance of a factor simply because one or more other factors have been convincingly established. *Compare Davis v. Billington,* 76 F. Supp. 3d 59, 63 n.5 (D.D.C. 2014) ("[B]ecause it remains the law of this Circuit, the Court must employ the sliding-scale analysis here."), *with ABA, Inc. v. District of Columbia,* 40 F. Supp. 3d 153, 165 (D.D.C. 2014) ("The D.C. Circuit has interpreted *Winter* to require a positive showing on all four preliminary injunction factors." (citing *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring))).

Regardless of whether the sliding scale framework applies, it remains clear that a movant must demonstrate irreparable harm, which has "always" been "[t]he basis of injunctive relief in the federal courts." *Sampson v. Murray,* 415 U.S. 61, 88 (1974) (alteration in original) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959)). "A movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). Indeed, if a court concludes that a movant has not demonstrated irreparable harm, it need not even consider the remaining factors. *See CityFed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 747 (D.C. Cir. 1995) ("Because [the plaintiff] has made no showing of irreparable injury here . . . [w]e . . . need not reach the district court's consideration of the remaining factors relevant to the issuance of a preliminary injunction.").

Finally, the Court of Appeals has expressly cautioned that "[t]he power to issue a preliminary injunction, especially a mandatory one, should be 'sparingly exercised.'" *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969) (citation omitted). Heeding this caution, where,

3

as here, the plaintiff's requested injunction is "mandatory—that is, where its terms would alter, rather than preserve, the *status quo* by commanding some positive act"—judges in this Circuit have required the moving party to "meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from the denial of the injunction." *See, e.g., Elec. Privacy Info. Ctr. v. Dep't of Justice*, 15 F. Supp. 3d 32, 39 (D.D.C. 2014) (collecting cases); *Veitch v. Danzig*, 135 F. Supp. 2d 32, 35 & n. 2 (D.D.C. 2001) (holding that where "a ruling would alter, not preserve, the *status quo*," the plaintiff "must meet a higher standard than were the injunction he sought merely prohibitory," in light of the Supreme Court's holding that "'[t]he purpose of a preliminary injunction is merely to preserve the relative position of the parties until a trial on the merits can be held'" (alteration in original) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981))); *Columbia Hosp. for Women Found., Inc. v. Bank of Tokyo–Mitsubishi Ltd.*, 15 F. Supp. 2d 1, 4 (D.D.C. 1997), *aff'd*, 159 F.3d 636 (D.C. Cir. 1998).

## II.     DISCUSSION

Here, Plaintiff claims that it will suffer three types of irreparable harm unless injunctive relief is awarded:  (1) the inability of its directors and officers to carry out their fiduciary duties to Jericho DC; (2) reputational loss "in view of Plaintiff's lack of control over church finances"; and (3) "immediate and ongoing" tax liability from Defendant's "unregulated, uncontrolled expenditure of Plaintiff's funds and ongoing use" of Plaintiff's federal tax identification number. Pl.'s Mem. at 17.  The court finds that none of these alleged injuries rises to the level of irreparable harm.

First, Plaintiff has cited no legal authority for the proposition that an entity suffers irreparable harm when its directors and officers—who themselves are not parties to this action—

are unable to carry out their fiduciary obligations. Even if an entity could suffer legally-recognized harm in such a situation, however, Plaintiff has failed to establish those circumstances here. Plaintiff seems to suggest that its directors and officers are at risk of breaching their fiduciary duties unless they are able to regain control over Church assets. Pl.'s Mem. at 18. But it is difficult to understand how Plaintiff's directors and officers are at such risk when they have no legal ability to control the Church assets currently held by Jericho Maryland. Plaintiff's directors and officers cannot breach a duty that they are unable to exercise in the first place. Nor have they had control over Church assets for at least the last seven years. And Plaintiff has not cited to any instance in which its directors or officers have been accused, let alone been found, to have breached their fiduciary duties. Accordingly, the asserted risk of a future breach of fiduciary duty is not in this case sufficient to establish irreparable harm. *See Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (holding that to establish irreparable harm the movant must "substantiate the claim that irreparable injury is 'likely' to occur. . . . Bare allegations of what is likely to occur are of no value.").

As to Plaintiff's claimed irreparable injury to its reputation, it is well-settled that "reputational injury can be used to establish irreparable harm in certain circumstances." *Trudeau v. FTC*, 384 F. Supp. 2d 281, 297 (D.D.C. 2005) (citations omitted); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 2948.1 (3d ed.) ("Injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable."). "However, as with all other forms of irreparable harm, the showing of reputational harm must be concrete and corroborated, not merely speculative." *Trudeau*, 384 F. Supp. 2d at 297 (citations omitted). Here, Plaintiff has offered mere conclusory assertions about the reputational injury it will suffer in the absence of injunctive relief. Indeed, the only evidence that Plaintiff has offered

to support its claimed injury is a deficiency notice from the IRS.  *See* Pl.'s Mem. at 18 (citing Pl.'s Mem., Ex. 3, ECF No. 14-1 [hereinafter Ex. 3]).  That notice, however, tells the court nothing about Plaintiff's reputational injury.  *See generally* Ex. 3.  Plaintiff also contends that "the inability to regulate and control expenditures of its own funds imminently affects its non-profit status."  *Id.*  Plaintiff, however, has offered no proof of any imminent harm to its non-profit status.  *See Wis. Gas*, 758 F.2d at 674 (Irreparable "injury must be both certain and great; it must be actual and not theoretical.").  Further, Plaintiff nowhere explains how the risk to its non-profit status is any greater today than it has been during the last seven years, even though it did not control Church assets at that time, either.

Finally, as to Plaintiff's assertion that its tax-exempt status will be "significantly imperil[ed]" absent injunctive relief, *see* Pl.'s Mem. at 19, Plaintiff again has not offered any proof that such an injury is "of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm," *Wis. Gas*, 758 F.2d at 674 (citation omitted); *id.* ("Injunctive relief 'will not be granted against something merely feared as liable to occur at some indefinite time.'" (quoting *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931))).  Plaintiff has not, for instance, shown that there is an ongoing IRS investigation into its non-profit status or that the IRS has threatened—now or at any time in the last seven years—to take any action against it.  *See* Pl.'s Mem. at 21 (making the conclusory assertion that "Plaintiff stands a realistic chance of losing its tax status").

One additional factor weighs heavily against Plaintiff's claim of irreparable harm—Plaintiff's delay in bringing this suit.  "Courts have found that '[a]n unexcused delay in seeking extraordinary injunctive relief may be grounds for denial because such delay implies a lack of urgency and irreparable harm.'" *Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp.

3d 87, 90 (D.D.C. 2014) (quoting *Newdow v. Bush*, 355 F. Supp. 2d 265, 292 (D.D.C. 2005)). Plaintiff contends that it did not regain its corporate identity, and thus its Board could not have authorized suit, until August 2015, when a Superior Court judge overseeing a related case entered a judgment invalidating the Church merger. *See* Pl.'s Opp'n to Defs.' Renewed Mot. to Dismiss, ECF No. 17, at 34. Even if the court assumes that contention to be true, Plaintiff did not bring this action until March 23, 2016, some seven months later. *See* Notice of Removal, ECF No. 1, ¶ 1. Such a long delay in bringing suit bolsters the court's conclusion that Plaintiff has failed to demonstrate irreparable harm. *See Open Top Sightseeing USA*, 48 F. Supp. 3d at 90-91 (collecting cases).

### III.  CONCLUSION

For the foregoing reasons, the court denies Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Defendants' Motion to Dismiss the Amended Complaint, ECF No. 15, remains under consideration by the court.

Date: August 25, 2016

Amit P. Mehta
United States District Judge