UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JERICHO BAPTIST CHURCH**          )
**MINISTRIES, INC. (DISTRICT OF**   )
**COLUMBIA),**                      )
                                    )
    **Plaintiff,**              )
                                    )
    v.                          )    Case No. 1:16-cv-00647 (APM)
                                    )
**JERICHO BAPTIST CHURCH**          )
**MINISTRIES, INC. (MARYLAND), et al.,** )
                                    )
    **Defendants.**             )
_____ )

## MEMORANDUM OPINION AND ORDER

Before the court are two discovery-related motions filed by Plaintiff Jericho Baptist Church Ministries, Inc. (D.C.). The first asks the court to "reopen and enlarge" the time for discovery ("Motion to Enlarge Time"). *See* Pl.'s Mot. to Reopen & Enlarge Disc., ECF No. 46 [hereinafter Pl.'s Mot. to Enlarge]. The second seeks to compel production of records from a lawyer, Erika Cole ("Motion to Compel"). *See* Pl.'s Mot. to Compel Erika Cole's Production of Docs., ECF No. 50 [hereinafter Mot. to Compel]. Both Motions are denied.

    1.    *Motion to Enlarge Time*. The court set May 30, 2018, as the deadline for all fact discovery other than "discovery related to bank/financial transactions," and June 15, 2018, as the deadline for all fact "[d]iscovery related to bank/financial transactions." *See* Order, ECF No. 45 [hereinafter Revised Scheduling Order], ¶ I.B–C. Plaintiff's Motion to Enlarge Time is premised on the production of 1,000 pages of emails from Defendants Magruder and Killen on May 18, 2018. *See* Pl.'s Mot. to Enlarge at 8; *see also id.* at 7 (asserting that "Defendants' recent production

of documents has opened an evidentiary Pandora's Box").[1] As this discovery does not relate to "bank/financial transactions," the deadline to file any motion to extend time was May 30, 2018. Plaintiff did not, however, file the Motion to Enlarge Time until June 8, 2018. *See* Pl.'s Mot. to Enlarge. It is therefore untimely. *See* Revised Scheduling Order ¶ II ("A request for an extension of time made after the discovery deadline will be considered untimely."). With Plaintiff having missed the deadline to extend the relevant discovery deadline, it must establish "excusable neglect" for its failure to move in a timely manner. *See* Fed. R. Civ. P. 6(b)(1)(B). This it has failed to do. Indeed, Plaintiff offers no reason for its late filing, let alone excusable neglect for doing so. For that reason alone, Plaintiff's Motion to Enlarge Time is denied.

Even if the court were to treat Plaintiff's request for additional time to conduct discovery as timely filed, Plaintiff has not established "good cause" to modify the scheduling order. *See* Fed. R. Civ. P. 16(b)(4); LCvR 16.4(a). "In deciding whether good cause exists under Rules 16(b) and 16.4 to amend a scheduling order, the Court primarily considers the diligence of the party in seeking discovery before the deadline." *Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012). Here, Plaintiff fails that test. Discovery in this matter commenced on February 8, 2017, and the court extended the original discovery deadline of August 7, 2017, multiple times by nearly a year. *See* Order, ECF No. 29; Minute Entry, Aug. 10, 2017; Order, ECF No. 35; Order, ECF No. 44. This court has closely monitored the parties' discovery efforts since the hearing held on December 18, 2017, holding an in-chambers discovery conference in January 2018 and multiple

---

[1] In its reply brief, Plaintiff asserts additional reasons for extending the discovery deadline. *See generally* Pl.'s Reply to Defs.' Opp'n to Pl.'s Mot. to Reopen & Enlarge Disc., ECF No. 53, at 3–5. As Plaintiff raised these reasons for the first time in its reply brief, the court does not consider them. *See Nytes v. Trustify, Inc.*, 297 F. Supp. 3d 191, 202 (D.D.C. 2018) ("Judges in this District have repeatedly held that arguments may not be raised for the first time in a party's reply."); *Aleutian Pribilof Islands Ass'n v. Kempthorne*, 537 F. Supp. 2d 1, 12 n.5 (D.D.C. 2008) ("[I]t is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)). Accordingly, the court grants Defendant's Motion to Strike Plaintiff's Reply Brief, ECF No. 54, but only to the extent Defendant asks the court to strike the arguments raised by Plaintiff for the *first time* in its Reply.

interim telephonic conferences since then. The court therefore is intimately familiar with the degree of diligence exercised by Plaintiff. It has not been sufficient. Plaintiff does not dispute that, as of December 15, 2017, it had received and had reviewed screenshots of 5,000 emails from Defendant Killen. *See* Status Report, ECF No. 42. Plaintiff also received screenshots of Defendant Magruder's emails on March 9, 2018. *See* Defs.' Opp'n to Pl.'s Mot. to Reopen & Enlarge Disc., ECF No. 49, Ex. S, ECF No. 49-1. Plaintiff did not, however, raise any questions about the sufficiency of screenshot email production until the telephone conference held on April 19, 2018—over four months after receiving and reviewing Killen's emails and more than a month after receiving Magruder's emails. On the April 19th call, the court left it to the parties to resolve any disputes about email production, but reminded Plaintiff that the court had set a hard deadline of May 30, 2018, for non-banking/financial fact discovery. Yet, Plaintiff's first actual motion for relief on the issue of email production did not come until after the deadline, when it filed the Motion to Enlarge Time on June 8, 2018. As the foregoing timeline shows, Plaintiff has had ample opportunity to challenge the adequacy of Defendant Killen's and Defendant Magruder's email productions, but did not do so. The court will not reward Plaintiff's lack of diligence by extending the discovery deadline.

2. *Motion to Compel*. Plaintiff's Motion to Compel is denied for a simple reason—it is not directed at the right person. According to Plaintiff, it served a Rule 45 subpoena on Erika Cole, a lawyer, seeking records relating to her representation of Defendant Jericho Baptist Church Ministries, Inc. (MD).[2] *See* Pl.'s Mot. to Compel at 1, 7. Apparently, Ms. Cole has asserted the attorney-client privilege as to her communications with Defendant. *See id.* Rule 45(d)(2)(B)(i) provides that, "[a]t any time, on notice to the *commanded person*, the serving party may move the

---

[2] Ms. Cole, however, disputes proper service. *See* Def.'s Opp'n to Pl.'s Mot. to Compel, ECF No. 52, at 3 n.3.

court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). Here, in an effort to enforce its subpoena to Ms. Cole, Plaintiff has not given notice to the "commanded person," i.e., Ms. Cole. Rather, it moves for "an order compelling *Defendant* Jericho Baptist Church Ministries, Inc. (Maryland) . . . to produce documents withheld on the grounds of attorney-client privilege." Pl.'s Mot. to Compel at 1 (emphasis added). As Defendant is not the proper "commanded person," Plaintiff's Motion to Compel is denied without prejudice.

Dated: August 2, 2018

Amit P. Mehta
United States District Judge